## J. L. SCHIVE ET AL. v. DAVID FAUSOLD.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 26, 1890—Decided October 6, 1890.

(a) An action of ejectment was brought in the right of a wife to recover land which had been sold at sheriff's sale as the property of her husband, the plaintiff claiming that, though the legal title was in her husband at the time of the sale, it was held by him under a resulting trust for her, her separate estate having supplied the purchase money:

Charge of Court below.

1. A verdict and judgment in her favor for an undivided part of the land,
   was the equivalent of a verdict and judgment against her for the other
   parts; and, the action being upon an equitable title, to wit, the result-
   ing trust alleged, it was a bar to a subsequent action of ejectment to
   recover the other undivided parts of the same land: Peterman v. Hul-
   ing, 31 Pa. 432.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 126 January Term 1890, Sup. Ct.; court below, No.
418 May Term 1888, C. P.

On April 25, 1888, John L. Schive and Lydia Schive, his
wife, in right of said Lydia, brought ejectment to recover " the
undivided four fifths of a certain tract or piece of land situ-
ated in Rockefeller township," described.   Issue.

At the trial on March 25, 1889, it was shown that the de-
fendant held the property in dispute under a conveyance from
Solomon Miller, who had purchased it at a sheriff's sale there-
of as the property of John L. Schive on October 4, 1874;
that, to No. 208 February Term 1882, John L. Schive and
Lydia, his wife, for the use of said Lydia, brought ejectment
against David Fausold, claiming to recover the whole of the
land by reason of the fact, as averred, that although the legal
title to the land when it was sold at sheriff's sale was in John
L. Schive, yet he held it as trustee for his wife Lydia, because
he had used her separate estate in the purchase of it; that
that cause was tried before a jury on May 28, 1886, and a ver-
dict rendered and judgment entered for the plaintiffs for the
undivided one fifth of the land. . The testimony submitted in
that case was read to the jury in this.

At the close of the testimony, the court, ROCKEFELLER,
P. J., stated the facts above summarized, and charged the jury:.

This suit, then, is a second action of ejectment brought by
the same plaintiffs against the same defendant for the four
fifths of the same land; and, the evidence being the same, the
question arises as to whether a second ejectment lies; or, in
other words, whether or not the verdict and judgment rendered
in the first case are conclusive, and a bar to this action.   The
first action was brought for the whole tract, that is, the whole

Arguments.

ninety-seven acres; and the verdict of the jury being for the undivided one fifth only, it was essentially, in our opinion, a verdict in favor of the plaintiffs for the one fifth of the land, and in favor of the defendant for the other four fifths.

In the case of Peterman v. Huling, 31 Pa. 432, the Supreme Court of this state decided that, "one verdict and judgment in ejectment, upon an equitable title, is conclusive between the parties, and a bar to any subsequent ejectment for the same land, and this rule includes all equitable titles." "Such action is to be regarded as a bill in equity, not as a possessory eject-ment at common law, and a verdict and judgment therein will have the same conclusive effect as those which follow a final decree in a court of equity."

There have been numerous cases before the Supreme Court since the case of Peterman v. Huling, just referred to, in which that case was recognized and followed by the Supreme Court, and there has been no decision since overruling it, so far as I know. That was a case similar to the present one, and the report shows that the title of Huling, the plaintiff in the case, was purely an equitable one. It rested upon the assertion that Coder and Peterman held the legal title for two tracts of land, one half of which was purchased with his money, and that they held it under the agreement that it should be for the joint use of Coder and Huling. Under all the evidence in the case, therefore, I now instruct you to find a verdict in favor of the defendant.[1]

—The jury returned a verdict for the defendant, as directed. A rule for a new trial having been discharged, judgment was entered, when the plaintiffs took this appeal, specifying that the court erred in directing the jury to find for the defendant.[1]

*Mr. S. B. Boyer*, for the appellants.

Counsel cited: Feig v. Meyers, 102 Pa. 10; Lahr's App., 90 Pa. 507; Taylor v. Abbott, 41 Pa. 352; Treftz v. Pitts, 74 Pa. 343; Heath v. Knap, 1 Pa. 482; Brolaskey v. McClain, 61 Pa. 146; Freeman v. Caldwell, 10 W. 9.

*Mr. T. H. Purdy* and *Mr. J. B. Packer*, for the appellee, were not heard.

In the brief filed, counsel cited: Peterman v. Huling, 31 Pa.

Syllabus.

432; Peebles v. Reading, 8 S. & R. 484; Seitzinger v. Ridgway, 9 W. 496; Winpenny v. Winpenny, 92 Pa. 440; Treftz v. Pitts, 74 Pa. 343; Brawdy v. Brawdy, 7 Pa. 157; Church v. Ruland, 64 Pa. 432; Patterson v. Martz, 8 W. 379; Amick v. Oyler, 25 Pa. 506; Bolin v. Connelly, 73 Pa. 336; Coughanour v. Bloodgood, 27 Pa. 285.

PER CURIAM:

It was decided in Peterman v. Huling, 31 Pa. 432, that one verdict and judgment in ejectment upon an equitable title is conclusive between the parties, and a bar to any subsequent ejectment for the same land, and this rule includes all equitable titles. Peterman v. Huling has been followed in a number of later cases, which it is not necessary to refer to, and is settled law. It rules this case. It was a second ejectment. In the first, the plaintiffs recovered the one undivided fifth part only. As the first ejectment was brought for the whole, this verdict and judgment was against them for the undivided four fifths. As to the said four fifths, the former judgment is a flat bar to a recovery by the plaintiffs.

Judgment affirmed.

